UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STIG STRONG,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA et al.,<br><br>    Defendants. | Case No. 2:17-cv-02860-APG-PAL<br><br>**SCREENING ORDER** |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1). The matter of the filing fee shall be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. SCREENING OF COMPLAINT**

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated in Carson City, Nevada. (ECF No. 1-1 at 1). Plaintiff sues Defendants State of Nevada[1], Carson City Sheriff's Department, Carson City Sheriff Ken Furlong, Sheriff Deputy James Surratt, and Dr. Joe (psychiatric provider). (*Id.* at 1-2). Plaintiff alleges one count and seeks monetary damages. (*Id.* at 4, 11).

The complaint alleges the following: Plaintiff served in Iraq and Afghanistan with the U.S. Marine Corps. (*Id.* at 4). After being released from inpatient post-traumatic stress disorder ("PTSD") treatment in Virginia and trying to make it home to Nevada,

---

[1] The Court dismisses with prejudice all claims against the State of Nevada, as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

Deputy Surratt arrested Plaintiff after Plaintiff corrected Surratt for "being reckless with his pistol" and "informing the deputy of common sense weapon safety rules." (*Id.*) On November 20, 2014, Surratt "stole" Plaintiff's legal Glock 19 and jailed Plaintiff. (*Id.*) Due to the trauma involving irresponsible weapons safety in the armed forces, Plaintiff sustained injuries of PTSD and "had to do the right thing and correct" Surratt. (*Id.*)

While in the Carson City jail, Plaintiff immediately asked for help for his PTSD and for his PTSD medication which jail officials deprived him of. (*Id.*) In January 2015, Sergeant Fry and two other deputies responded to Plaintiff by shoving Plaintiff's face into another inmate's fecal matter in a padded booking cell. (*Id.* at 5).

The first time Plaintiff saw Judge Armstrong, Plaintiff asked for PTSD help. (*Id.*) Plaintiff's public defender followed through with her threat to call Plaintiff incompetent if Plaintiff did not plea to her "deal" with the district attorney's office. (*Id.*) The public defender's plea deal required Plaintiff to plead guilty to a crime he was innocent of. (*Id.*) Judge Armstrong ordered "no bail" until Dr. Joe could complete a competency evaluation. (*Id.*) Dr. Joe told the judge that he had met with Plaintiff even though he had not. (*Id.*) Dr. Joe suggested "no bail" with a "psych hold" and did not provide any PTSD help. (*Id.*) Jail officials kept Plaintiff in custody on a "no bail hold" without any PTSD help. (*Id.*)

While in jail, Plaintiff had to defend himself from an inmate who had hit him. (*Id.* at 6). For defending himself, the authorities charged him with a class B felony (battery on a prisoner in custody). (*Id.*) Plaintiff did receive a competency evaluation at Lake's Crossing. (*Id.*) The doctors at Lake's Crossing stated that, "at no time did [Plaintiff] seem incompetent." (*Id.*) During his incarceration, Plaintiff repeatedly asked Judges Armstrong and Russell to permit PTSD help. (*Id.*) The only relief Plaintiff received was a "forced plea deal to plead guilty to charges of which he was innocent" or "risk unlimited incarceration without PTSD help." (*Id.*) After pleading to the forced deal and while on probation, Plaintiff was accepted into the Wounded Warrior Project's Care Network which had excellent PTSD treatment. (*Id.* at 7). The director of the program stated that Plaintiff needed a high level of care that the State of Nevada continues to deprive Plaintiff of. (*Id.*)

In prison, Plaintiff is on suicide watch due to concerns for his safety. (*Id.*) The State of Nevada is neglecting Plaintiff's medical needs. (*Id.*)

Plaintiff alleges claims for Eighth Amendment inadequate medical care and Fourteenth Amendment false imprisonment. (*Id.* at 4).

### A.     Medical Care

Based on the allegations, it appears that Plaintiff is challenging the lack of PTSD treatment as a pretrial detainee in county jail and, currently, as an inmate in the custody of the NDOC.

#### i.     Medical Care in Carson City Jail

A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). Although the U.S. Supreme Court and the Ninth Circuit have started to apply an objectively reasonable standard to determine whether a pretrial detainee's rights have been violated, those courts have not fully addressed the new standard for medical claims and pretrial detainees. *See generally Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015) (holding that an objectively reasonable standard applies to a pretrial detainee's excessive force claims); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (holding that an objectively reasonable standard applies to a pretrial detainee's failure to protect claims). For screening purposes, the Court analyzes Plaintiff's claims under the traditional Eighth Amendment deliberate indifference standard.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a

subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff fails to state a colorable claim for deliberate indifference to serious medical needs while in jail. However, the Court grants Plaintiff leave to amend this claim and directs Plaintiff to provide more details surrounding his lack of medical care in jail. If Plaintiff chooses to amend, he should describe exactly what each specific defendant, by name, did to violate his rights. Upon amendment, Plaintiff should specify the dates he remained incarcerated in the Carson City jail, when and who he requested medical care from, what specific type of medical care did Plaintiff request, how jail officials responded, and what further injury did the lack of medical care cause him.

### ii. Medical Care in Prison

With respect to medical care in prison, the Court dismisses this claim, without prejudice, with leave to amend. Plaintiff vaguely alleges that the State of Nevada neglected his medical needs and that he is on suicide watch. To the extent that Plaintiff

seeks to allege an Eighth Amendment claim for deliberate indifference to serious medical needs against prison officials, Plaintiff should file an amended complaint that provides more factual allegations about how prison officials are neglecting his medical needs.[2] Again, Plaintiff should describe exactly what each specific defendant, by name, did to violate his rights.

### B.     False Imprisonment

Based on the allegations, it appears that Plaintiff is alleging that he is falsely imprisoned because his attorney forced him to take a plea deal even though he is innocent. Plaintiff only seeks monetary damages. (ECF No. 1-1 at 11).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

The Court dismisses this claim under *Heck v. Humphrey*. Plaintiff is attempting to challenge the validity of his conviction by challenging the validity of his guilty plea. Accordingly, the Court dismisses this portion of this claim, without prejudice, but without

---

[2] Alternatively, Plaintiff may initiate a new lawsuit against prison officials for the events surrounding his NDOC incarceration. If Plaintiff chooses to file a separate lawsuit against prison officials, he should submit a new application to proceed *in forma pauperis* and complaint to the Clerk of the Court.

leave to amend in this case. If Plaintiff seeks to challenge the validity of his guilty plea, he must seek federal habeas corpus relief or the appropriate state relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

### C. Other Claims

The Court finds that Plaintiff states a colorable claim for excessive force against Sergeant Fry at the Carson City jail. In *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015), the Supreme Court held that a pretrial detainee states a claim for excessive force under the Fourteenth Amendment if: (1) the defendant's use of force was used purposely or knowingly, and (2) the force purposely or knowingly used against the pretrial detainee was objectively unreasonable. *Id.* at 2472-73.

Based on the allegations, Plaintiff asked jail officials for PTSD help and medication. Sergeant Fry and two other unknown deputies responded by shoving Plaintiff's face into fecal matter. Based on the allegations, the force appears to be used knowingly and is objectively unreasonable. The Court will permit this claim to proceed against Defendant Sergeant Fry and Doe deputies when Plaintiff learns their identities.[3]

### D. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims

---

[3] Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of any of the Doe Defendant(s) comes to light during discovery, Plaintiff may move to amend his complaint to assert claims against the Doe Defendant(s) at that time.

- 8 -

in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action shall proceed against Defendants Sergeant Fry and Doe deputies (when Plaintiff learns their identities) for excessive force only.

**III.     CONCLUSION**

For the foregoing reasons, it is ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court shall file the complaint (ECF No. 1-1).

It is further ordered that the claims for deliberate indifference to serious medical needs at the jail and prison are dismissed, without prejudice, with leave to amend.

It is further ordered that the false imprisonment claim is dismissed, without prejudice, but without leave to amend pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff may file a habeas corpus petition and an *in forma pauperis* application on this claim in a new action.

It is further ordered that the claim for excessive force shall proceed against Defendants Sergeant Fry and Doe deputies (when Plaintiff learns their identities).[4]

It is further ordered that Defendant State of Nevada is dismissed from this case, with prejudice, as amendment would be futile.

---

[4] Although Plaintiff does not list Sergeant Fry as a defendant in this case, the Court interprets the allegations in the complaint as naming Sergeant Fry a defendant.

It is further ordered that Defendants Carson City Sheriff's Department, Carson City Sheriff Ken Furlong, Sheriff Deputy James Surratt, and Dr. Joe are dismissed, without prejudice, from this case.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months.

It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action shall proceed immediately against Defendants Sergeant Fry and Doe deputies (when Plaintiff learns their identities) for excessive force only.

It is further ordered that the Clerk of the Court shall send Plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for same, two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

Dated: December 4, 2017.

_____
UNITED STATES DISTRICT JUDGE